Fred T. PRATHER, etc., et al., Appellants,

v.

IMMANUEL BAPTIST CHURCH, etc., et al., Appellees.

Court of Appeals of Kentucky.

Nov. 30, 1956.

R. Howard Smith, Newport, for appellants.

Sawyer A. Smith, Melvin T. Stubbs, Covington, for appellees.

CLAY, Commissioner.

This suit involves a controversy between members of the Immanuel Baptist Church, Kenton County, relating to the internal affairs of the Church. Both the plaintiff group and the defendant officers of the Church moved for summary judgment and the Chancellor dismissed the complaint.

The complaint alleged that the plaintiff members of the Church had demanded but had been unable to obtain an audit and accounting of the financial affairs of the Church; that they had been denied the freedom of worship in the Church and their rights at business meetings; and that one of the members had been physically ejected from a meeting. By amended complaint the broad allegation was made that "their civil and religious rights to participate actively in the practice of their faith in the Church" had been denied. Affidavits were filed by both parties in support of and in denial of the allegations of the complaint.

On a motion for summary judgment under CR 56, the question presented is whether or not there exists a genuine issue of a material fact. CR 56.03. While the pleadings and the affidavits show that an issue of fact exists, if it is not *material,* and if defendants were entitled to judgment as a matter of law, their motion was properly sustained.

It is not the province of the courts to administer church matters, and internal controversies must normally be settled by the membership under the established church government. See Clapp v. Krug, 232 Ky. 303, 22 S.W.2d 1025; Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361. With respect to ecclesiastical affairs in the Baptist Church such as government, membership and discipline, the congregation is the supreme controlling body and the courts will not intervene to settle controversies with respect to such affairs. Cooper v. Bell, 269 Ky. 63, 106 S.W.2d 124. As pointed out in the foregoing cases, church members may only invoke judicial relief if they can establish that their civil rights (which would include property rights) have been violated.

We think the case of Thomas v. Lewis, 224 Ky. 307, 6 S.W.2d 255, is controlling in this controversy. It was therein pointed out that the government of a Baptist Church reposes in the local congregation, acting under its own laws and regulations and pursuant to the vote of members in its business meetings. It was said, at page 261 of 6 S.W.2d:

"If the congregation has irregularly removed officers, excluded members, diverted funds, or has been guilty of any other irregularity, the correction of such abuses rests with the body of the membership of the church. The appellants who claim that they have been denied the right to worship in the church probably have as much right to worship there as the others, but only as constituent members of the whole body. They are entitled to the use of the church or other property of the church according to the will of the majority regularly expressed."

In the present case the matters complained of relate to the internal operation of the church, which is governed by the majority of members acting under the constitution and by-laws. There are no allegations that the constitution or by-laws have been violated or that the church affairs are not being carried out according to the will of the majority. While the conclusion is stated in plaintiffs' complaint that they are being denied civil rights, there is nothing in the record to support such an allegation.

The Chancellor properly concluded that there existed no genuine issue of a material fact, and as a matter of law defendants were entitled to judgment.

The judgment is affirmed.